UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------x
Kimberly Kipp,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :
            v.                                              :     3:24-CV-01034 (SFR)
                                                            :
IV Solutions, Inc. and Randall Barnes,                      :
                                                            :
                              Defendants.                   :
------------------------------------------------------------x
```

Kimberly Kipp brings this employment discrimination action against her former employer, IV Solutions, Inc. and Randall Barnes (collectively, "Defendants"). Defendants move to dismiss the Complaint. For the reasons outlined below, I grant the motion to dismiss.

**I.      BACKGROUND**

**A.      Factual Background**

As alleged in the Complaint, Kipp, a registered nurse, worked as an IV infusion nurse for Defendant IV Solutions, Inc. *See* Compl. ¶¶ 11, 14, ECF No. 1. On June 22, 2020, Kipp declined to leave an IV in a patient at the end of an infusion. *See id.* ¶ 29. On June 25, 2020, Barnes contacted Kipp to tell her that "'patients' had complained about her" and subsequently reduced her from a full-time to "casual/per diem employee." *Id.* ¶¶ 30, 32. On June 26, 2020, Kipp was assigned to work with a pediatric patient. *Id.* ¶ 36. Despite an order to make alterations to the patient's medical chart, Kipp refused and notified Barnes by email that she would not do so. *Id.* ¶ 39. On July 1, 2020, Barnes fired Kipp by email. *Id.* ¶ 40.

**B.      Procedural History**

Kipp filed this case on June 12, 2024, alleging against each Defendant one count of wrongful termination under Conn. Gen. Stat. § 31-51q, and one count of common law

1

wrongful termination in violation of the Connecticut public policy embodied in Conn. Regs. § 19a-14-40 and the Connecticut licensing requirements and guidelines for nurses. *See* Compl. 8–10, ECF No. 1. Defendants filed a Motion to Dismiss on October 1, 2024, alleging, *inter alia*, that Kipp failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Kipp's claims were untimely. *See* Mot. Dismiss 1, ECF No. 21. This case was transferred to me on January 6, 2025. ECF No. 28.

## II.  LEGAL STANDARD

The standard that governs motions to dismiss under Rule 12(b)(6) is well established. A complaint may not survive unless it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155–56 (D. Conn. 2016). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The court must "draw all reasonable inferences in [the plaintiff's] favor, 'assume all well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). However, the court is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

A statute of limitations defense can be appropriately decided on a Rule 12(b)(6) motion "if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014); *see Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute

of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.").

## III.   DISCUSSION

"Connecticut courts apply section 52-577 to common-law wrongful discharge and section 31-51q claims." *Chapman v. Sikorsky Aircraft Corp.*, No. 3:13-CV-518 SRU, 2015 WL 75493, at *2 (D. Conn. Jan. 6, 2015). Conn. Gen. Stat. § 52-577 is an occurrence statute, meaning that "when conducting an analysis under § 52-577, the only facts material to the trial court's decision . . . are the date of the wrongful conduct alleged in the complaint and the date the action was filed." *Id.* at *3 (quoting *Pagan v. Gonzalez*, 965 A.2d 582, 585 (Conn. App. 2009)). In other words, under normal circumstances, a plaintiff asserting a wrongful termination claim under Conn. Gen. Stat. § 31-51q or Connecticut common law has three years from the date the wrongful conduct occurred to file a complaint or the action is time barred.

However, on March 19, 2020, Connecticut Governor Ned Lamont signed Executive Order No. 7G ("Order 7G"),[1] which suspended, *inter alia*, all statutes of limitations as of March 19, 2020. Order 7G provides in relevant part:

> Suspension of Non-Critical Court Operations and Associated Requirements. Notwithstanding any provision of the Connecticut Statutes or of any regulation, local rule or other provision of law, I hereby suspend, for the duration of this public health and civil preparedness emergency, unless earlier modified or terminated by me, all statutory (1) location or venue requirements; (2) time requirements, statutes of limitation or other limitations or deadlines relating to service of process, court proceedings or court filings; and (3) all time requirements or deadlines related to the Supreme, Appellate and Superior courts

---

[1] Kipp notes the pause of the statute of limitations under Order 7G in her Complaint. *See* Compl. ¶ 40 n. 1, ECF No. 1.

3

> or their judicial officials to issue notices, hold court, hear matters and/or render decisions including, but not limited to, the following:
> . . . .
> e. All statutes of limitations provided in Chapter 926 of the General Statutes . . . .

Executive Order 7G ¶ 2 (March 19, 2020);[2] *Taylor v. Pillai*, No. 3:21CV00623 (SALM), 2022 WL 4080525 (D. Conn. Sept. 6, 2022). Section 52-577, the statute of limitations at issue, appears in Chapter 926 of the General Statutes. *See* Conn. Gen. Stat. §§ 52-575–52-598a. Order 7G's provisions regarding "all statutory requirements, statutes of limitation or other limitations or deadlines relating to service of process, court proceedings or court filings in civil matters" were later modified to expire on March 1, 2021. Executive Order 10A ¶ 5 (February 8, 2021).[3] "Order 7G's suspension of statutes of limitations was thus in effect from March 19, 2020, to March 1, 2021." *Esposito v. Aldarondo*, No. 3:22-cv-621 (MPS), 2023 WL 2228412, at *3 (D. Conn. Feb. 24, 2023).

In this case, the alleged wrongful termination underlying Kipp's claims occurred on July 1, 2020, during the period when Order 7G had suspended all statutes of limitations. *See* Compl. ¶ 40, ECF No. 1. Under normal circumstances, Kipp's statute of limitations would have expired on July 1, 2023. Because of Order 7G, however, the three-year clock did not begin to run on Kipp's claim until the Executive Order was repealed on March 1, 2021. Kipp's statute of limitations therefore began to run on March 1, 2021 and expired on March 1, 2024. *See Marks v. GLT Dev. Corp.*, 331 A.3d 1261, 1264 (Conn. App. 2025) ("In short, because the

---

[2] Available at https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-7G.pdf.

[3] Available at https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-10A.pdf.

plaintiff alleges that his accident occurred on May 24, 2020, at a time when Executive Order No. 7G had already gone into effect, the two year limitations period applicable to the plaintiff's claim began to run on the day the suspension was lifted, i.e., March 1, 2021, and expired on March 1, 2023."); *Amato's Inc. v. Acadia Ins. Co.*, No. 3:23-cv-921 (VDO), 2024 WL 956317, at *3 (D. Conn. Mar. 6, 2024) (concluding that two-year statute of limitations on claim relating to property damage that occurred in January 2021 began to run when Order 7G expired on March 1, 2021).[4]

Defendants argue that Kipp's claims are time-barred even under this extended statute of limitations because Kipp filed the present action on June 12, 2024, "more than three months *after* that already extended deadline." Mem. Law Supp. Mot. Dismiss 8, ECF No. 21-1. Kipp responds that she had "nearly an additional year to file these claims." Pl. Opp'n Defs.' Mot. Dismiss 13, ECF No. 24. It is true that Kipp had additional time to file these claims. Where, under normal circumstances, her claim ought to have expired on July 1, 2023, she instead had until March 1, 2024—eight additional months—in which to timely file her Complaint. However, Kipp filed her action on June 12, 2024, more than three months after this deadline. Even assuming all well-pleaded facts as true and drawing all reasonable inferences in her favor, Kipp's claims are time-barred.

---

[4] Order 7G had the effect of pausing the statute of limitations on claims that accrued before March 19, 2020. When Order 7G expired on March 1, 2021, any statute of limitations that had been paused began to run again. In *Taylor*, for example, the applicable statute of limitations, which should have expired on May 16, 2021, instead was paused on March 19, 2020, leaving 424 days remaining on the clock. *See Taylor*, 2022 WL 4080525, at *5. The plaintiff thus had an additional 424 days to file a complaint after March 1, 2021, and the statute of limitations in that case expired on April 29, 2022. *See id.*

## IV.   CONCLUSION

I therefore grant Defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Clerk is directed to close this case.

**SO ORDERED.**

New Haven, Connecticut
June 5, 2025

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge